02-10-348-CV















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00348-CV

 

 


 
 
 Carol Ann Gibbons and Virginia
 Floyd
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Luby’s Inc., Luby’s Restaurants
 Limited Partnership, and Luby’s Management, Inc.
 
 
  
 
 
 APPELLEES 
 
 


 

 

----------

 

FROM THE
348th District Court OF Tarrant
COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          Appellants Carol Ann Gibbons and
Virginia Floyd filed a notice of accelerated appeal, attempting to appeal the
trial court’s September 16, 2010 “Order on Defendants’ Motion to Set Aside
Default Judgment and Grant New Trial.” 
On October 6, 2010, this court sent the parties a letter informing them
of our concern that we may not have jurisdiction over this appeal because the
order did not appear to be an appealable interlocutory order.  We stated that unless appellants or any party
desiring to continue the appeal filed with the court by October 18, 2010, a
response showing grounds for continuing the appeal, this appeal may be
dismissed for want of jurisdiction.  See Tex. R. App. P. 42.3(a).

          Both parties responded to our
letter.  Appellees’
response states that this court should dismiss the appeal for want of
jurisdiction because the trial court’s original order was an interlocutory
default judgment, no severance of any issue or party has occurred, and there is
no statutory basis for this interlocutory appeal.  See Tex.
Civ. Prac. & Rem. Code.
Ann. § 51.014 (Vernon 2008) (listing permissible interlocutory appeals); see also Lehman v. Har-Con Corp., 39 S.W.3d 191,
192–93 (Tex. 2001).  Appellants’ response
states that unless this court believes that it has jurisdiction, they will
pursue a remedy by way of a petition for writ of mandamus.[2]

We
can discern no statutory basis for this interlocutory appeal. Therefore, we
dismiss this appeal for want of jurisdiction. 
See Tex. R. App. P. 42.3(a),
43.2(f).

 

 

PER CURIAM

 

PANEL:  MCCOY, MEIER, and
GABRIEL, JJ.

 

DELIVERED:  January 27, 2011











          [1]See Tex. R. App. P. 47.4.





[2]Appellants
subsequently filed a petition for writ of mandamus, which we denied.  See In
re Gibbons, No. 02-10-00400-CV, 2010 WL 4569998 (Tex. App.—Fort Worth Nov.
4, 2010, orig. proceeding [mand. denied]).